## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **RICHARD E. NORTH, JR.,** | ) | **CASE NO. 4:17CR0043** |
| | ) | **4:18CV1379** |
| | ) | |
| Defendant-Petitioner, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **OPINION AND ORDER** |
| | ) | |
| Plaintiff-Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter is before the Court on Defendant's Motion to Reduce or Amend the Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 41). For the following reasons, the Court **DENIES** Defendant's Motion.

### I. BACKGROUND FACTS

On February 1, 2017, the Grand Jury indicted Defendant with four counts of Distribution of Heroin and one count of Travel in Interstate Commerce to Facilitate the Distribution of Heroin. On October 3, 2017, Defendant executed a written Plea Agreement and pleaded guilty to the Indictment. On January 23, 2018, the Court sentenced Defendant to 78 months imprisonment, followed by six years of Supervised Release. Defendant did not appeal his Sentence.

On June 12, 2018, Defendant submitted the instant Motion under 28 U.S.C. § 2255, asking the Court to reduce his Sentence to a period between 37 to 46 months. The Government responded on September 21, 2018 and requested the Court deny Defendant's Motion without an evidentiary hearing.

## II. LAW AND ANALYSIS

**A.     Standard of Review**

Section 2255 of Title 28, United States Code, provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. 2255(a).

"In order to prevail upon a § 2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)).

Defendant raises a hodgepodge of arguments as to why he is entitled to relief under § 2255. Defendant's arguments are largely based on his counsels' ineffective assistance. He makes minor reference to the insufficiency of the Indictment and the overall voluntariness of his plea. None of these arguments have merit.

**B.     Government's Untimely Response**

On June 19, 2018, the Court Ordered the Government to respond to Defendant's Motion within thirty days. (Doc. 42). Upon the Government's request, the Court extended the Government's response deadline by an additional forty-five days, until September 3, 2018. On September 12, 2018, Defendant filed a Request to Deem his § 2255 Motion Granted. (Doc. 50). On September 21, 2018, the Government responded to the § 2255 Motion and indicated a clerical error caused the late response. (Doc. 51). On October 2, 2018, Defendant asked the Court to Strike the Government's untimely response. (Doc. 52).

While the failure to comply with a Court Order is aggravating, the Court ultimately agrees with the Government that its untimely Response did not prejudice Defendant. Orders to strike are drastic remedies and are generally disfavored. *See Operating Eng'rs Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015). Defendant's only argument to strike is based on the untimely nature of the Government's Response. Defendant does not cite to any prejudice. Nor does the Court find any prejudice due to Defendant's continued imprisonment. Defendant's imprisonment is not effected by the Government's eighteen-day delay in responding to the Motion. Thus, the Court finds Defendant is not prejudiced by the Government's delay in filing its Response.

Accordingly, the Court denies both Defendant's Request to Deem Motion Granted (Doc. 50) and Defendant's Motion to Strike the Government's Response (Doc. 52).

**C.      Ineffective Assistance of Counsel**

The bulk of Defendant's ineffective assistance claim stems from the November 7, 2016 traffic stop in Tennessee. According to Defendant, this stop was unconstitutional. Despite this clear conclusion, both of Defendant's attorneys refused to investigate the stop and raise it as a

defense. Defendant claims this constitutes incompetent performance. As a result, the Government incorporated the 896.95 grams of heroin discovered during the traffic stop and increased the amount of heroin he possessed for his sentence from 135.17 grams to over 1 kilogram. This increase in drug quantity adversely affected Defendant's sentencing range. Thus, Defendant contends counsels' ineffectiveness prejudiced Defendant.

To prevail on his claim of ineffective assistance of counsel, Defendant "must meet the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984), and subsequently tailored to the guilty-plea context, *see Lafler v. Cooper*, 566 U.S. 156, 162-63 (2012). *Rodriguez-Penton v. United States*, 905 F.3d 481, 486 (6th Cir. 2018). Under the performance prong, Defendant must show "that counsel's representation fell below an objective standard of reasonableness." *Lafler*, 566 U.S. at 163. Under the prejudice prong, and in the context of pleas, Defendant "must show the outcome of the plea process would have been different with competent advice." *Id.* Where ineffective assistance leads to the acceptance of a guilty plea, Defendant must show "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

  *i.*  *Inadequate Performance*

Defendant has not demonstrated that his counsels' performance "fell below an objective standard of reasonableness." "There is a strong presumption that counsel's performance falls within the 'wide range of professional assistance.'" *Kimmelman v. Morrison* 477 U.S. 365, 381 (1986) (quoting *Strickland*, 466 U.S. at 689). As such, "counsel's competence...is presumed." *Id.* at 384. A defendant then must rebut this presumption by proving that counsel's

representation was unreasonable under prevailing professional norms and that the challenged action was not sound trial strategy. *Id.* at 381. Courts judge a counsel's performance at the time of the alleged error under a deferential review. *Id.*; *see also Logan v. United States*, 910 F.3d 864, 872 (6th Cir. 2018) ("Hindsight ... is not the lens through which we grade attorney performance"). "Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. "Failure to file a suppression motion does not constitute *per se* ineffective assistance of counsel." *Kimmelman*, 477 U.S. at 384.

Defendant has not carried his burden in demonstrating his counsel's inadequate performance.[1] Defendant makes conclusory allegations that counsel did not adequately investigate the circumstances of the traffic stop in Tennessee. He does not offer any additional support for this claim. According to Defendant, simply because counsel did not make the legal argument Defendant wanted, counsel performed deficiently. This is not the standard enunciated in *Strickland* and its progeny. *See Strickland*, 466 U.S. at 688; *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990) ("Tactical choices...are properly left to the sound professional judgment of counsel..."). Moreover, the Record indicates counsel actually investigated the Government's case. On August 1, 2017, counsel requested disclosure of information pursuant to Rule 16. (Doc. 19). Pursuant to *Strickland*, the Court defers to counsel's investigation into the Tennessee

---

[1] The Court initially appointed Attorney Gentile to represent Defendant. On August 1, 2017, Attorney Gentile withdrew and the Court appointed Attorney Hastings. For purposes of its analysis, the Court is only concerned with Attorney Hastings's performance. Since the Court finds Attorney Hastings adequately represented Defendant, it need not concern itself with the alleged inadequacy of prior counsel. *See Logan*, 910 F.3d at 872 (defendant's claim of ineffective assistance of counsel dismissed where court found one counsel performed competently and one counsel performed deficiently).

traffic stop and his ultimate decision that pursuit of the matter was disadvantageous to Defendant.

Defendant also claims that the seizure of the evidence in Tennessee was illegal. He makes conflicting arguments that 1) the Tennessee state court determined the search was illegal but also 2) at the preliminary hearing the Tennessee state court determined the arrest warrant was invalid. The Court understands Defendant's second argument to mean that the Tennessee state case was dismissed due to a state-procedural error. Sentencing courts may consider relevant conduct, even relevant conduct uncovered in violation of the Fourth Amendment. *See United States v. Jenkins*, 4 F.3d 1338, 1334 (6th Cir. 1993). Here, even if Tennessee troopers discovered the heroin in violation of Defendant's Fourth Amendment rights, it is still relevant for sentencing purposes absent a showing that the evidence was uncovered to enhance Defendant's sentence. And Defendant has made no allegation that the evidence was illegally uncovered specifically to increase his sentence. *Id.* at 1345.

Accordingly, applying the proper deference to counsel's actions, Defendant has not demonstrated that counsel's performance was objectively unreasonable in this instance.

  *ii.*  *Resulting Prejudice*

Furthermore, Defendant has not demonstrated the necessary prejudice for the Court to disregard the Plea Agreement and re-sentence Defendant. When a defendant alleges ineffective assistance of counsel while leading up to his guilty plea, he must also show that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. Defendant has not made this showing. Nowhere in his Motion does Defendant argue that he would have insisted on going to trial on Count 5, the Count related to

the Tennessee traffic stop.  Instead, he simply concludes that he should be entitled to the same exact plea bargain, just without the weight of the drugs from Count 5.  This does not constitute the requisite prejudice showing.  While Defendant is entitled to effective representation during plea negotiations, he is not entitled to a plea agreement.  *Rodriguez-Penton*, 905 F.3d at 489.  Defendant has not alleged that the Government even offered the relief Defendant now seeks.  The Court will not make that offer on the Government's behalf.

Similarly, "a defendant who accepts a plea bargain on counsel's advice does not necessarily suffer prejudice when his counsel fails to seek suppression of evidence, even if it would be reversible error for the court to admit that evidence."  *Premo v. Moore*, 562 U.S. 115, 129 (2011).  Rather, when "counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious."  *Kimmelman*, 477 U.S. at 375.  Defendant has not made that showing here.  Instead, he simply concludes the traffic stop and subsequent search were illegal.  A defendant must make more than conclusory allegations and provide factual background to support his allegations.  *See Jefferson v. United States*, 730 F.3d 537, 547 (6th Cir. 2013) ("Generally, courts have held that conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255").  Since Defendant has not done so here, he cannot demonstrate prejudice.

Defendant has failed to show that, even if counsel provided incompetent advice, he would have proceeded to trial on Count 5.  Further, Defendant has not proved his underlying Fourth Amendment claim beyond mere conjecture.  Accordingly, any perceived mistakes of counsel did not result in any prejudice to Defendant.

**D.     Voluntary Plea**

Ultimately, Defendant entered into the Plea Agreement knowingly, intelligently and voluntarily. A defendant has the ultimate authority to determine whether to plead guilty. *Logan*, 910 F.3d at 871 (citing *Florida v. Nixon*, 543 U.S. 175, 187 (2004)). In order to be a valid waiver of rights, the defendant must enter into the plea agreement knowingly, intelligently and voluntarily. *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001). "It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508 (1984).

As previously determined, counsel here provided Defendant competent representation. He investigated the Government's evidence and made a strategic decision regarding the Tennessee stop. The Plea Agreement spelled out very clearly the factual basis of the plea and case against Defendant. (*See* Doc. 28, ¶ 19(f) "Defendant drove a car from the Northern District of Ohio to the State of Tennessee. While in Tennessee, a state trooper stopped Defendant for speeding and smelled marijuana in the car. Troopers searched the car and found 896.95 grams of heroin in the trunk"). Defendant initialed the page indicating he read its content. (*Id.*). To the extent Defendant now claims he was unaware as to how the Government calculated the total weight of the heroin, the Court finds this argument disingenuous.

Moreover, Defendant stood before this Court and reiterated that he entered into the Plea Agreement knowingly, intelligently and voluntarily. (Doc. 48, p. 24-25). He told the Court he was satisfied with the representation of counsel. (*Id.* at p. 3). There is a strong presumption of verity regarding solemn declarations in open court. *Blackledge v. Allison*, 431 U.S. 63, 74

(1977). Accordingly, the Court presumes Defendant was truthful during his Change of Plea Hearing and entered into the plea knowingly, intelligently and voluntarily.

Finally, Defendant was not coerced into accepting the Plea Agreement. Defendant stated to the Court he was not coerced into changing his plea. (Doc. 48, p. 4-5). Further, his claim that the Court "scared him" into entering the plea is baseless. Merely explaining the possibility of a longer sentence than that offered does not constitute coercion. *See United States v. Brown*, 96 Fed. App'x 380, 382 (6th Cir. Apr. 29, 2004) (district court did not coerce defendant into pleading guilty by explaining the possible sentence defendant faced). While the Court is sympathetic that Defendant may have experienced stress and anxiety in determining whether to accept the plea, he has not demonstrated that he experienced an atypical amount of coercion that would undermine his plea. *See also United States v. Gasaway*, 437 Fed. App'x 428, 435 (6th Cir. Aug. 31, 2011) (gathering cases finding that family pressure does not necessarily show coercion, duress or involuntariness).

Accordingly, the Court finds Defendant entered into the Plea Agreement knowingly, intelligently and voluntarily.[2] He cannot now attempt to invalidate the Agreement simply because he is dissatisfied with the deal he struck.

**E.     Motions for Evidentiary Hearing and to Expand the Record**

The Court also denies Defendant's Motions for an Evidentiary Hearing and to Expand

---

[2] This finding also precludes Defendant's arguments pertaining to inadequacy of the indictment in this case. The Sixth Circuit has determined that plea agreement waivers of § 2255 rights are generally enforceable. *Davila*, 258 F.3d at 1099. Here, Defendant expressly and voluntarily waived his rights to a proceeding under 28 U.S.C. § 2255, with exception to limited circumstances. (Doc. 28, ¶ 17). He acknowledged this waiver in open court. (Doc. 48, p. 13-14). Challenging the adequacy of the Indictment does not fall within one of the exceptions. As such, the Court finds Defendant waived his right to challenge the Indictment.

the Record.  Rules 7 and 8 of the Rules Governing § 2255 Motions govern expanding the record and evidentiary hearings.  Rule 7 allows a judge to "direct the parties to expand the record" if the habeas motion is not dismissed.  28 U.S.C. § 2255, Rule 7(a).  Rule 8 allows a court to hold an evidentiary hearing unless it appears from the face of the motion that the movant is not entitled to relief.  *Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003).

Here, the Court allowed the parties to brief the merits of Defendant's Motion.  (Doc. 42).  In that Order, the Court stated that the briefs "shall contain a summary of the facts; statements of the applicable law; specific references to portions of the record by the page or exhibit number; and citations to relevant case and statutory authorities upon which they rely."  *Id.*  The Court did not "direct the parties expand the record" under Rule 7.

Despite this clear Order, Defendant attached numerous exhibits to a Memorandum seeking an Evidentiary Hearing and a Motion to Expand the Record.  The Court denies both requests.  At the outset, the Court never directed the parties to file additional materials.  Defendant did anyways.  Moreover, the record and arguments of the parties made it clear to the Court that Defendant's Motion is without merit.  As such, there was no need to consider evidence outside of the record.  Finally, even if the Court were to consider the additional evidence, the new evidence still supports the Court's conclusion.  Indeed, the emails included in these motions demonstrate that counsel thoroughly investigated the factual situation involving the Tennessee stop.  (*See* Doc. 53-5, PageID: 354-55).

Accordingly, the Court denies Defendant's request to expand the record and for an evidentiary hearing.

### III. CONCLUSION

Plea negotiation is an art and it presents certain questions removed from immediate judicial supervision. *Premo*, 562 U.S. at 125. As with trial advocacy, counsel is allowed room to exercise his or her craft within the bounds of reasonable professional judgment. Counsel here provided competent advice to Defendant on whether to enter the Plea Agreement. Defendant then entered into the Plea Agreement knowingly, intelligently and voluntarily. Defendant cannot now ask this Court to void the Agreement and enter a lower sentence. Accordingly, Defendant's Motion (Doc. 41) is **DENIED**. Furthermore, Defendant's Request to Deem Motion Granted (Doc. 50), Motion to Strike (Doc. 52) and Motions for Evidentiary Hearing and to Expand the Record (Docs. 53 & 54) are **DENIED**.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3). Since the Court has determined Defendant's ineffective assistance claim to be without merit, Defendant has failed to make a substantial showing that he was denied any constitutional right. The Court thus declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); 28 U.S.C. § 2255, Rule 11(a); FED. R. APP. P. 22(b).

**IT IS SO ORDERED.**

                                 **s/ Christopher A. Boyko**
                                 **CHRISTOPHER A. BOYKO**
                                 **United States District Judge**

**Dated: April 24, 2019**